1 The Opixjox of the Court, after taking a view of. the bill, answer, and depositions, by which, amongst Other things, it appeared, in substance, that Craig agreed io pay 400/. as stated in the condition of the bond ; and .that Morton agreed, if the payments were made in the Üme and manner stated in the indorsement, he would fake it in full Of the bond ; find that the indorsement was on the bond at the time of its execution, proceeded :
Upon this summary of evidence, the base stands, at; best, as favorable'for Morton as it did on the bond and indorsement, unaided by the confession of j udgment. *
If equity will give no other construction to the instrument, than the parties themselves have given to it at law, it is unnecessary to stir ‘ other questions, or to say any thing as to the manner in which the complainant has attempted to avoid his confession of-judgment.'
The quéstiorí presentéd by the bond and indorsement, (against which there is ho charge Or suspicion of any at-' tempt to evade, by shift, any statutory provisions respecting loans of money) is a limited one ; to which we must answer, either as common lawyers, or chancellors, that the effect given to the instrument in the judgment at law, is the proper one. In the cases of mortgages bearing an interest of four and a half percent■ with clause of reduction to four, in case of prompt payment V if. prompt payment is not made, equity will not relieve against the hM percent. Tn the case of Nicholas vs. Maynard, 3. Atk. 520, that great chanbellor, Hardwicke, in speaking'of" such mortgages, says, if the mortgagor fails of making payment at the appointed time, he cap-pot be’ relieved’ “ any ‘more than many other composition$ between the parties because the abate was for prompt payment, and the terms of the agreertient not being cdrof *301 jplied with, the mortgagee is entitled to interest at four find a half per cent. In this case, the abatement was to have been allowed, not only for prompt, but for previous payment also.
If Graig had been pleased to perform the condition precedent, he would have been entitled to the abatement ; he did not bind himself to do it, and Morton had no right to demand it. Craig having had the full measure of delay given by contract, cannot have relief against his own laches. The bill seems, indeed, predicated up-en the expectation that the bond itself would be considered, as to the differences between the face and the in-dorsement, merely nomine poena / or that he could prove it so by parol. If the face of the bond had been for 325/. and the indorsement had stipulated an increase for default of payment, then indeed such a construction would have been right; and, upon a proper case made, out, would be relievable in equity.
Decree affirmed.